Spencer WILLIAMS, Aubrey E. Robinson, Jr., C. Clyde Atkins, Louis C. Bechtle, Sandra S. Beckwith, Lucius D. Bunton, III, William M. Byrne, Jr., Adrian G. Duplantier, Irving Hill, Morris E. Lasker, Thomas C. Platt, Jr., John W. Reynolds, Walter H. Rice, Marvin H. Shoob, Joseph L. Tauro, Laughlin E. Waters, Lee R. West, Charles Wiggins, and Henry R. Wilhoit, Jr., Plaintiffs–Appellees,

v.

UNITED STATES, Defendant–Appellant.

Nos. 99–1572, 00–1254, 99–1255.

United States Court of Appeals, Federal Circuit.

Feb. 21, 2001.

Kevin M. Forde, Kevin M. Forde, Ltd., of Chicago, IL, argued for plaintiffs-apellees. With him on the brief were Janice R. Forde, and Kevin R. Malloy. Of counsel on the brief were Richard J. Prendergast and Deirdre N. Close, Richard J. Prendergast, Ltd., of Chicago; and John S. Guttmann, Jr., Beveridge & Diamond, of Washington, DC.

Douglas N. Letter, Attorney, Appellate Staff, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellant.

Richard William Austin, Pretzel & Stouffer, Chartered, of Chicago, IL, for amicus curiae National, State, and Local Bar Associations.

CLEVENGER and GAJARSA, Circuit Judges, with whom MICHEL, LOURIE, SCHALL, BRYSON, LINN, and DYK, Circuit Judges, join, concurring in the order declining hearing en banc.

In response to a self-initiated poll within the court, a decision has been reached to deny en banc hearing of this case. The three judges who favored en banc hearing have dissented from the order denying en banc hearing.

Contrary to the dissents, however, this case involves no great new issue of principle. Rather the majority opinion narrowly decides this case on the basis of the Supreme Court's decision in the *Will* case.

Let it be understood clearly and with no reservation: we endorse the independence of the federal judiciary and the strict enforcement of Article III to prevent any congressional attempts to diminish federal judicial compensation. But we are faced with a judicial compensation vesting rule articulated by the Supreme Court in *Will,* and we are duty-bound to enforce that rule. If we have incorrectly read the *Will* opinion, the Supreme Court will have the opportunity to correct the error.